UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEREK W. CORNELIUS, ET. AL., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV1854SNLJ |
| ) | |
| RYAN DELUCA d/b/a ) | |
| BODYBUILDING.COM, ET. AL., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Upon review of this file and the plaintiffs' complaint, the Court believes that proper venue is lodged in the Southeastern Division of the Eastern District of Missouri rather than the Eastern Division of the Eastern District of Missouri. The Court will consider venue *sua sponte*.

28 U.S.C. §1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. §1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In making a §1404(a) analysis, a plaintiff's choice of proper forum is given great weight and should not be disturbed unless the movant makes a clear showing that the balance of interest weighs in favor of the movant. Anheuser-Busch v. All Sports Arena Amusement, 244 F.Supp.2d. 1015, 1022 (E.D.Mo. 2002);  Graff v. Qwest Communications Corp., 33 F.Supp. 2d. 1117, 1120-21 (D.Minn. 1999) *citing* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Houk v. Kimberly-Clark Corp., 613 F.Supp. 923 (W.D.Mo. 1985).  Merely shifting the burden of inconvenience and cost is not enough to grant a transfer. Medicine Shoppe Int'l v. Tambellini, 191 F.Supp. 2d. 1065, 1069 (E.D.Mo. 2002) *citing* Terra International, Inc. v. Mississippi Chemical Corp., 119 F.3d. 688, 696-97 (8th Cir. 1997);  Houk, at 927-28; *see also*, Van Dusen v. Barrack, 376 U.S. 612, 646 (1964).  The interests to be considered include the convenience of the parties and witnesses, the availability of judicial process to compel attendance of hostile witnesses, the governing law, relative ease of access to sources of proof, possibility of delay and prejudice if a transfer is granted, and practical considerations of cost and efficiency. Terra Int'l, at 696; Biometics, L.L.C. v. New Womyn, Inc., 112 F.Supp.2d. 869, 875 n.4 (E.D.Mo. 2000);  General Committee of Adjustment v. Burlington Northern Railroad, 895 F.Supp. 249, 252 (E.D.Mo. 1995); New Dawn Natural Foods v. Natural Nectar Corp., 670 F.Supp. 869, 873 (E.D.Mo. 1987); Midwest Mechanical Contractors, Inc. v. Tampa Constructors, 659 F.Supp. 526, 532 (W.D.Mo. 1987); Houk, at 927; *see also*, May Department Stores v. Wilansky, 900 F.Supp. 1154, 1165 (E.D.Mo. 1995).  However, a district court is not limited to evaluating a transfer motion based upon these enumerated factors alone.  Such an evaluation requires a case-by-case evaluation of the particular circumstances involved, as well as consideration of all relevant factors.  Terra Int'l., at 691; Graff, at 1121.

This is a multi-count diversity action bringing state law claims of libel, tortious interference with a prospective economic advantage, and civil conspiracy arising from defendants allegedly posting or encouraging the posting (by unidentified persons or entities) of disparaging remarks about the plaintiffs on a public website "managed" by one of the defendants.  Plaintiff Cornelius is a resident of Cape Girardeau, Missouri.  Plaintiff Syntrax Innovations is a Delaware corporation with its principal place of business in Cape Girardeau, Missouri.  All of the named defendants are non-Missouri residents.[1]  Based upon the allegations in the complaint, it appears that although the alleged events giving rise to this lawsuit originated in a number of other states via cyberspace posting on a website, the effects of these postings are alleged to have had consequences regarding the reputation of a Cape Girardeau business owner and a Cape Girardeau business' daily operations.

Even though counsel for the plaintiffs and counsel for certain Idaho and Florida defendants reside in St. Louis, Missouri which is in the Eastern Division of the Eastern District of Missouri, it would appear that the plaintiffs, witnesses, and most, if not all, documentation relevant to this cause of action are located in the Southeastern Division.  A transfer to the Southeastern Division would not result in delay or prejudice.

Accordingly,

**IT IS THEREFORE ORDERED** that the Court, *sua sponte*, transfers this case to the Southeastern Division of the Eastern District of Missouri.

---

[1] The named defendants' states of residency appear to be: Idaho, Florida, Colorado, New York, New Jersey, Arizona, California, Illinois, and North Carolina.  As of today's date, out of eighteen (18) defendants; only four (4) defendants have been served and filed a responsive pleading, five (5) served but no responsive pleading or answer filed, eight (8) not served; and one (1) service is unclear.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall transfer this cause of action, in its entirety, to the United States District Court, Eastern District of Missouri, Southeastern Division.

Dated this   2nd   day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE