UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **DEREK W. CORNELIUS and SYNTRAX INNOVATIONS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 1:09CV72 SNLJ** |
| ) | |
| **RYAN DELUCA d/b/a BODYBUILDING.COM, et al.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Ryan DeLuca, d/b/a bodybuilding.com, Bryna Matthews DeLuca d/b/a/ bodybuilding.com, and Bodybuilding.com, LLC's motion to dismiss (#5), filed December 9, 2008. Plaintiffs filed a response (#14) on December 22, 2008. Defendants than filed a reply (#16) on January 5, 2009.

### I. Statement of the Case

This case was originally filed in the Circuit Court for the City of St. Louis, on October 31, 2008, against Molecular Nutrition, LLC, M.A.N. Sports, Inc., Designer Supplements, Inc., Gaspari Nutrition, Inc. Thermolife International, LLC, Scientifically Advanced Nutrition, Unique Nutrition, Inc., Engineered Sports Technology, LLC, Palo Alto Labs, SSN Nutrition, Bodywell Nutrition, LLC, ISS Research, Ergopharm, Inc. Betancourt Nutrition, Inc., and Nimbus Nutrition, LLC, alleging that each had posted libelous statements about the plaintiff and tortuously interfered with plaintiffs' business expectancies. Additionally, plaintiffs alleged that Ryan DeLuca, d/b/a bodybuilding.com, Bryna Matthews DeLuca, d/b/a bodybuilding.com, and Bodybuilding.com ("moving defendants") were engaged in a civil conspiracy with the other named defendants to

post libelous statements and to tortuously interfere with plaintiffs' business expectancies.  The moving defendants removed the cause of action to this Court on December 2, 2008.

Plaintiffs allege that the causes of action arose from the posting of allegedly libel statements on the internet website www.bodybuilding.com.  The website is operated by Bodybuilding.com, LLC, organized and existing under the laws of the State of Delaware, with corporate offices located in the State of Idaho.  The LLC is owned and operated by defendants Ryan DeLuca and Bryna Matthews DeLuca, with Ryan DeLuca acting as the President and Chief Executive Officer.  Before the formation of the LLC, DeLuca and Matthews DeLuca owned and operated the website directly.  Both Ryan DeLuca and Bryna Matthews DeLuca were at all relevant times residents of Idaho.  Plaintiffs' complaint alleges that the website is a marketplace for the sale of nutraceuticals such as those manufactured by the plaintiffs.  The website also contains public forums which permits members of the public to post comments.  Plaintiffs allege that these forums allow representatives of competitors to post their libelous statements regarding plaintiffs and their products.  In regards to the moving defendants, plaintiffs allege that these defendants assisted competitors in posting libelous statements which were false and capable of being read by the members of the public.

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity."  Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001) *quoting* Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  A complaint must be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (abrogating the prior "no set of facts" standard set forth in Conley v. Gibson, 355U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id.; 127 U.S. at 1974. A complaint must set forth factual allegations that are enough to "raise a right to relief above the speculative level." Id.; 127 U.S. at 1974.

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1265 (internal citations omitted). "Although the pleading standard is liberal, the plaintiff must allege facts--not mere conclusions--that, if true, would support the existence of the claimed torts." Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1062 (8th Cir. 2005) *citing* Schaller Tel. Co. v. Golden Sky Systems, 298 F.3d 736, 740 (8th Cir. 2002). In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982). The primary issue for a court to consider is not whether the plaintiff will ultimately prevail in the lawsuit, but whether the complaint adequately states a claim so that the plaintiff is entitled to present evidence in support of that claim. A complaint may not be dismissed based upon a district court's assessment that the plaintiff will fail to prove one or more claims to the satisfaction of the complaint's allegations or will ultimately fail to prove one or more claims to the satisfaction of the factfinder. Bell Atlantic

Corp. v. Twombly, 127 S.Ct. at 1969, n. 8; Neitzke v. Williams, 490 U.S. at 327 ("What Rule 12(b)(6) does not countenance are dismissals based upon a judge's disbelief of a complaint's factual allegations.") With this plausibility standard in mind, this Court turns to an examination of the plaintiff's complaint.

### III. Discussion

The only Count of plaintiffs' complaint against the moving defendants is Count XXXI for Civil Conspiracy.  Defendants move to dismiss this Count as against them based on immunity under the Communications Decency Act,  lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and the statute of limitations.

### A. Communications Decency Act

Plaintiffs argue that the moving defendants have immunity under the Communications Decency Act, 47 U.S.C. § 230 ("CDA").  Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  Additionally, "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  Id. at § 230(e)(3).  The moving defendants argue that as operators of bodybuilding.com they were merely the provider of an interactive service and thus cannot be held liable for civil conspiracy in connection with the allegedly libel statements made on the website.

It is clear that, although a provider cannot be liable for the statement of others, a provider can be liable for its own words.  The difficulty of the case at hand is that plaintiffs are contending that the moving defendants "conspired" with the other defendants to "post[] or allow[] to be posted" the allegedly libel statements.  Plaintiffs make no specific allegations as to how moving defendants "conspired" with other defendants to post these statements other than through

operation of the message board.  Although plaintiffs allege that moving defendants "posted or allowed to be posted" the statements, not a single statement is alleged to be attributable to the moving defendants.  Plaintiffs did not bring any counts of libel against the moving defendants presumably upon the recognition that there are no facts demonstrating that the moving defendants actually made any of the challenged statements.

Even construing all allegations in favor of the plaintiffs, this Court holds that the complaint sets forth no facts that make it plausable that, given the CDA, the moving defendants could be held liable for the statements of others.  As such, all three moving defendants are entitled to dismissal.

### B.  Personal Jurisdiction

Even absent the CDA, this Court lacks personal jurisdiction over defendants Ryan DeLuca and Bryna Matthews DeLuca.  In order to survive a Motion to Dismiss for lack of personal jurisdiction, the plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendants] can be subject to jurisdiction within the state.  Dever, 380 F.3d at 1072.  Plaintiffs complaint states that "each of the defendants has subjected themselves to the jurisdiction of this Court in that each of the defendants transacted business within the State of Missouri. . . ."  However, "[o]nce jurisdiction ha[s] been controverted or denied, [the plaintiffs] have the burden of proving such facts."  Id.

Defendants argue that this Court lacks personal jurisdiction over defendants Ryan DeLuca and Bryna Matthews DeLuca.  Missouri's Long-Arm Statute is co-extensive with the limits of Due Process, thus the relevant inquiry focuses on the Due Process requirement.  Clune v. Alimak AB, 223 F.3d 538, 541 (8th Cir. 2000).  To subject an out-of-state defendant to personal jurisdiction, the defendant must have certain minimum contacts with the forum state such that maintenance of suit does not offend traditional notions of fair play and substantial justice.  Int'l

5

Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945).  There are two types of personal jurisdiction.  General jurisdiction arises notwithstanding the relationship between the cause of action and defendant's contacts with the forum state where defendant's contacts are continuous and systematic.  Helicopteros Nacionales de Columbia, S.A. v. Hall, 446 U.S. 408, 415 no 9 (1984).  Specific jurisdiction arises if defendant "purposefully directed" its activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); Lakin v. Prudential Secs., 348 F.3d 704, 707 (8th Cir. 2003).  In the Eighth Circuit, courts examine five factors in determining whether a nonresident defendant's contacts are sufficient to support the exercise of personal jurisdiction: (1) the nature and quality of a defendant's contacts with a forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.  Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073-74 (8th Cir. 2004).  In determining whether a defendant has sufficient contacts with the forum state to exercise personal jurisdiction, the court must consider all of the contacts in the aggregate and examine the totality of the circumstances.  Northup King Co. v. Compania Productora Semilas Algodoneras, S.A., 51 F.3d 1383, 1388 (8th Cir. 1995).

   Defendants challenge personal jurisdiction providing sworn statements that: (1) neither they nor Bodybuilding.com, LLC were ever registered to do business in Missouri; (2) neither of them have over owned or leased any property, maintained bank accounts or investments, or paid taxes in Missouri; (3) neither has ever entered the State of Missouri for any reason, and except for the current litigation, neither has availed themselves as a litigant in the Federal or State Courts of Missouri; (4) neither has any familial or personal contacts in Missouri; (5) none of Bodybuilding.com, LLC's computers or servers containing any electronic documents that may be

6

relevant to this action are located in Missouri; and (6) no Bodybuilding.com, LLC employees, offices or equipment are located in Missouri.  Plaintiffs respond that the defendants operated bodybuilding.com prior to its organization as a limited liability company and bodybuilding.com solicited orders over the internet including orders within the State of Missouri.  Thus, since the defendants transacted business in Missouri they are subject to jurisdiction under the Missouri Long Arm Statute.  Defendants respond that the allegation that bodybuilding.com transacted business is not supported by any evidence either in the amended complaint or in the response to the motion to dismiss.

After examining all relevant factors it appears that, despite having pled that defendants transacted business in Missouri through bodybuilding.com, plaintiffs have presented no evidence to support this allegation.

**1.  Specific Jurisdiction**

Plaintiffs assert that bodybuilding.com solicited orders from the State of Missouri and even one such transaction would give rise to personal jurisdiction.  The cases cited for this proposition found specific jurisdiction in that the claims arose out of the defendant's contact with the state.  Plaintiffs have demonstrated no connection between the goods allegedly sold to Missouri residents and the alleged conspiracy between the moving defendants and the other named defendants.  It does not, therefore, appear that there is any basis for specific jurisdiction over the moving defendants based on the alleged business transactions completed through the website.

**2.  General Jurisdiction**

A website can have contacts with a forum state to such a degree that general jurisdiction is created.  See Lankin v. Prudential Securities, Inc., 348 F.3d 704, 708 (8th Cir. 2003).  Where the business contacts are "substantial" and "continuous" there can be sufficient contacts with

Missouri to establish general jurisdiction. Id. at 707. In Lankin, the Eighth Circuit held that there could be general jurisdiction over defendant where defendant operated and maintained a website that allowed Missouri residents to obtain home-equity loans and lines of credit. Plaintiffs alleged the loans were measured in months and years creating long-term contacts with Missouri and totaled approximately $10 million. The Eighth Circuit remanded instructing the lower court to grant plaintiffs' request to conduct jurisdictional discovery.

Plaintiffs in this case have alleged that the website allowed for transactions to occur with Missouri residents, however, have failed to allege that these contacts were substantial or continuous. In fact, plaintiffs argue to the Court that even a single transaction should be enough to establish jurisdiction. There is no evidence that there were substantial and continuous contacts with Missouri. Plaintiffs have not asserted that after discovery they could demonstrate such contacts nor have requested this Court to allow such discovery. Thus, this Court finds that it lacks general jurisdiction over the moving defendants.

### 3. Other Considerations

The Eighth Circuit also directs this Court to examine the interests of Missouri in providing a forum for its residents and the convenience of the parties. The plaintiffs are residents of Cape Girardeau County, Missouri, but no defendants are residents of Missouri or have contacts with Missouri to provide jurisdiction. This Court cannot find jurisdiction based solely on plaintiffs' residences and their convenience.

### C. Civil Conspiracy

Finally, this Court also agrees that plaintiffs have failed to plead facts sufficient to support an allegation for civil conspiracy. Specifically, plaintiffs did not allege that there was a "meeting of the minds" nor any fact that would support a finding that there had been a meeting of the minds. With no pleadings to establish the essential elements of a claim, the moving defendants are

again entitled to be dismissed.  Given the other holdings of this order, plaintiffs will not be granted leave to amend.

### III. Conclusion

Plaintiffs have failed to establish facts sufficient for this Court to find that a claim against the moving defendants is possible given the provisions of the CDA.  Furthermore, plaintiffs have failed to allege sufficient facts to establish that defendants Ryan DeLuca and Bryna Matthews DeLuca had sufficient contacts with Missouri to provide this Court with personal jurisdiction. Finally, plaintiffs indeed failed to plead or allege facts to support all the essential elements of a claim for civil conspiracy. Given the insufficiencies of plaintiffs complaint, the moving defendants are entitled to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Ryan DeLuca d/b/a/ bodybuilding.com, Bryna Matthews DeLuca d/b/a bodybuilding.com, and Bodybuilding.com, LLC are **DISMISSED** without prejudice.

Dated this___18th___day of August, 2009.

UNITED STATES DISTRICT JUDGE