UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEREK W. CORNELIUS and SI0, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>RYAN DELUCA d/b/a BODY BUILDING.COM; BYRNA MATTHEWS DELUCA d/b/a BODYBUILIDING.COM; BODYBUILDING.COM, LLC; MOLECULAR NUTRITION, LLC; M.A.N. SPORTS, INC.; DESIGNER SUPPLEMENTS, INC.; GASPARI NUTRITION, INC.; THERMOLIFE INTERNATIONAL, LLC; ADVANCED NUTRITION; UNIQUE NUTRITION, INC.; ENGINEERED SPORTS TECHNOLOGY, LLC; PALO ALTO LABS; SNS NUTRITION; BODY WELL NUTRITION, LLC; ISS RESEARCH; ERGOPHARM, INC.; BETANCOURT NUTRITION, INC.; and NIMBUS NUTRITION, LLC,<br><br>    Defendants. | Case No. CV 10-027-S-BLW<br><br>**ORDER** |

The Court has before it a Motion to Withdraw as Counsel (Docket No. 199).

Counsel for Defendants Gaspari Nutrition, Inc. and Palo Alto Laboratories, Inc.

**Order - 1**

requests to withdraw as counsel of record.

NOW THEREFORE IT IS HEREBY ORDERED that pursuant to District of Idaho Local Civil Rule 83.6, the Motion to Withdraw as Counsel (Docket No. 199) shall be, and the same is hereby GRANTED, and counsel is permitted to withdraw according to the following terms:

1. Withdrawing counsel shall continue to represent Gaspari and Palo Alto, pursuant to Dist. Idaho Loc. Civ. R. 83.6(c)(2), until proof of service of this Order on the client has been filed with the Court, or alternatively, until such time as Gaspari and Palo Alto notify the Court in writing that both have received the Court's Order.  The withdrawing attorney shall forthwith and with due diligence serve all other parties and either personally serve copies of the Order upon  or mail the Order by first class mail, return receipt requested.

2. Gaspari and Palo Alto shall have twenty-one (21) days from the filing of the proof of service by the withdrawing attorney to file written notice with the Court stating how and by whom each of them will be represented.

3. Upon filing of proof of service on Gaspari and Palo Alto, no further proceedings can be had in this action that will affect their rights for a period of twenty-one (21) days.  If either Gaspari or Palo Alto fails to appear in this action through a newly appointed attorney within that twenty-one (21) day period, such

**Order - 2**

failure shall be grounds for entry of default against the non-appearing party with prejudice and without further notice. Neither Gaspari nor Palo Alto can appear without being represented by an attorney in accordance with Dist. Idaho Loc. Civ. R. 83.4(d).

DATED: **June 23, 2010**

B. LYNN WINMILL
Chief Judge U.S. District Court

**Order - 3**