UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEREK W. CORNELIUS and SI0, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>RYAN DELUCA d/b/a BODY BUILDING.COM; BYRNA MATTHEWS DELUCA d/b/a BODYBUILIDING.COM; BODYBUILDING.COM, LLC; MOLECULAR NUTRITION, LLC; M.A.N. SPORTS, INC.; DESIGNER SUPPLEMENTS, INC.; GASPARI NUTRITION, INC.; THERMOLIFE INTERNATIONAL, LLC; ADVANCED NUTRITION; UNIQUE NUTRITION, INC.; ENGINEERED SPORTS TECHNOLOGY, LLC; PALO ALTO LABS; SNS NUTRITION; BODY WELL NUTRITION, LLC; ISS RESEARCH; ERGOPHARM, INC.; BETANCOURT NUTRITION, INC.; and NIMBUS NUTRITION, LLC,<br><br>        Defendants. | Case No. CV 1:10-027-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Gaspari Nutrition Inc.'s Motion for Summary Judgment (Docket No. 203) and Plaintiffs' Combined Motion and Declaration Under Rule 56(f) for Extension of Time to Oppose Summary Judgment. For the reasons explained below, the Court will grant the Rule 56(f) motion and deny without prejudice

the motion for summary judgment.

## BACKGROUND

Plaintiffs Derek W. Cornelius and SI03, Inc. (collectively, SI03) filed suit against various Defendants, including Gaspari Nutrition Inc., alleging (1) violations of the Lanham Act, 15 U.S.C. § (2) tortious interference with a business expectancy or prospective business relationship, injurious falsehood, (4) defamation, (5) libel, and (6) civil conspiracy. SI03 alleges that Gaspari is responsible for three posting made by Daniel Pierce (aka "desrusean") in a Forum Message Board on the website [www.bodybuilding.com](www.bodybuilding.com). The statements at issues disparaged Cornelius, SI03, AND SI03's products.

Gaspari argues that summary judgment should be granted in its favor because SI03 cannot prove that Daniel Pierce (aka "deserusean") was acting as Gaspari's agent when he made the posts at issue. In response, SI03 asks the Court for additional time to respond to Gaspari's summary judgment motion pursuant to Rule 56(f). SI03 asserts that further discovery will allow it to obtain evidence defeating Gaspari's argument that it is not responsible for Pierce's posts.

## ANALYSIS

Federal Rule of Civil Procedure 56(f) provides a device for litigants to keep the doors to discovery open when they have not had sufficient opportunity to develop affirmative evidecne. *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 773 (9th Cir. 2003). To prevail on the

Rule 56(f) motion, SI03 must show (1) the specific facts it hopes to elicit from further discovery, (2) that the facts exist, and (3) that such facts are necessary to resist a summary judgment motion. *State v. Campbell*, 138 F.3d 772, 779 (9th Cir.1998).

Under the facts of this case, the Court is satisfied that a continuance should be granted. SI03 has identified some of the specific facts it needs to discover before being able to fully respond to Gaspari's motion. Specifically, SI03 claims that it will be able to establish that "Deserusan was a representative of Gaspari on the Bodybuilding.com forum at the time he made the relevant posts" and/or "Deserusan's retroactive modification to his signature on the forums constituted republication of the actionable posts." (Pls' Combined Motion and Declaration at 2-3.) Without further discovery, neither the parties nor the Court can make a reliable determination on these issues.

Regardless of the answers attained through additional discovery efforts, rejecting SI03 request for further discovery would be contrary to the general policy and practice of the Ninth Circuit on Rule 56(f) motions. *See, e.g., Mangum v. Action Collection Service, Inc.,* No. CV 4:05-507-BLW, 2006 WL 2224067, *2 (D.Idaho Aug. 2, 2006) (citing *Burlington Northern*, 323 F. 3d at 773). As suggested by the Ninth Circuit, courts will grant a Rule 56(f) motion almost as a matter of course when dealing with litigants who have not had sufficient time to develop affirmative evidence. *Id.*

Gaspari, however, maintains that any lack of discovery is fairly attributable to the SI03's own delay. Of course, a Rule 56(f) motion should not be granted when the non-moving party has failed to diligently pursue discovery of the evidence. *Qualls v. Blue*

*Cross*, 22 F.3d 839, 844 (9th Cir. 1994). But this is not the case here. Gaspari filed its summary judgment motion on July 2, 2010 – six months before the discovery cutoff deadline. And while it is true that the Case Management Order directed SI03 to prepare a corporate representative deposition notice for Gaspari by June 18, 2010, which SI03 apparently failed to do, this does not mean that SI03 should be foreclosed from pursuing *all* discovery. Since discovery does not close until January 2011, the Court cannot find that SI03 has been dilatory in pursuing discovery.

SI03 further asserts that it has outstanding discovery requests . "Summary judgment is especially inappropriate where the material sought is also the subject of outstanding discovery requests." *Visa Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir.1986).

Based on Ninth Circuit policy, and because SI03 has met the requirements of Rule 56(f), the Court grants SI03's request for further discovery and denies Gaspari's motion without prejudice, so as to allow Gaspari to move for summary judgment at a later date if it so chooses.

Also, the Court is not inclined to enter an order at this time limiting discovery to the issue of whether Daniel Pierce was an agent, employee or representative of Gaspari at the time he made the posts. If Gaspari has a specific objection to SI03's discovery requests, it may contact Chambers as directed in the Court's Case Management Order.

## ORDER

IT IS HEREBY ORDERED that:

1. Plaintiffs' Combined Motion and Declaration Under Rule 56(f) for Extension of Time to Oppose Summary Judgment (Docket No. 205) is GRANTED.

2. Defendant Gaspari Nutrition Inc.'s Motion for Summary Judgment (Docket No. 203) is DENIED WITHOUT PREJUDICE.

DATED: **September 9, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge