UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEREK W. CORNELIUS and SI03, INC, <br><br>                Plaintiff, <br><br>   v. <br><br>RYAN DELUCA d/b/a BODY BUILDING.COM; BYRNA MATTHEWS DELUCA d/b/a BODYBUILIDING.COM; BODYBUILDING.COM, LLC; MOLECULAR NUTRITION, LLC; M.A.N. SPORTS, INC.; DESIGNER SUPPLEMENTS, INC.; GASPARI NUTRITION, INC.; THERMOLIFE INTERNATIONAL, LLC; ADVANCED NUTRITION; UNIQUE NUTRITION, INC.; ENGINEERED SPORTS TECHNOLOGY, LLC; PALO ALTO LABS; SNS NUTRITION; BODY WELL NUTRITION, LLC; ISS RESEARCH; ERGOPHARM, INC.; BETANCOURT NUTRITION, INC.; and NIMBUS NUTRITION, LLC, <br><br>                Defendants. | Case No. 1:10-CV-027-BLW <br><br>**MEMORANDUM DECISION AND ORDER** |

     Before the Court is Plaintiffs Derek W. Cornelius and SI03, Inc.'s Motion to Compel

and to Reopen Discovery (Dkt. 248). Plaintiffs move the Court for an order reopening

**MEMORANDUM DECISION AND ORDER - 1**

discovery and compelling Defendant Bodybuilding.com, LLC to respond to outstanding discovery requests. For the reasons set forth below, the Court will reopen discovery for an additional three weeks with respect to Bodybuilding.com *only*. Plaintiffs, however, will not be allowed to propound any additional written discovery and they will only be allowed to depose one Bodybuilding.com fact witness. No additional discovery will be allowed against Gaspari. The summary judgment hearing shall remain as scheduled on May 6, 2011.

## BACKGROUND

Plaintiffs Derek W. Cornelius and SI03, Inc. filed suit in Missouri state court on October 20, 2008, alleging the defendants, including Bodybuilding.com, LLC and Gaspari Nutrition, Inc., were responsible for postings on the website www.bodybuilding.com, which criticized Cornelius, SI03, and SI03's products. The case was removed to the Eastern District of Missouri in December 2008, preliminary motion practice ensued, and the case was transferred to this Court in December 2009. After the transfer, the Court entered a Case Management Order. *See* Dkt. 157. It set the deadline for completing discovery on January 7, 2011, and the deadline for filing dispositive motions on February 25, 2011. *Id.*

On July 2, 2010, Gaspari filed a motion for summary judgment, arguing that Plaintiffs could not prove that Daniel Pierce (aka "desrusean") acted as Gaspari's agent when he allegedly posted disparaging comments about Plaintiffs on the bodybuilding.com forum message board. *Gaspari Br.*, Dkt. 203. In response, Plaintiffs filed a Combined Motion and Declaration under Rule 56(f) for Extension of Time to Oppose Summary Judgment. *See* Dkt. 205. Plaintiffs maintained that additional discovery would allow them to obtain evidence to defeat Gaspari's summary judgment motion. *Id.* Simultaneous with filing their Rule 56(f) motion, Plaintiffs also

MEMORANDUM DECISION AND ORDER - 2

served Gaspari with their first set of interrogatories and requests for productions of documents, and Gaspari responded on August 30, 2010. *Dina Aff.* ¶ 4.

In addition, Plaintiffs served Bodybuilding.com with written discovery. On August 2, 2010, Bodybuilding.com responded to the requests for production with blanket objections asserting that the requests were: (1) vague, ambiguous, and overbroad; (2) seeking information not subject to the present litigation and therefore not reasonably calculated to lead to the discovery of admissible evidence; and (3) seeking confidential information, sensitive business information, and/or trade secrets that could not be produced absent a protective order. Bodybuilding.com also affirmatively stated: "Bodybuilding.com points out by virtue of the Court's April 26, 2010 Order, the sole remaining claim against Bodybuilding.com arises from a single, allegedly defamatory statement, posted on Bodybuilding.com's website on May 2, 2001, by an anonymous/pseudonymous poster known as "INGENIUM" ....[and] "INGENIUM" was not an employee, moderator, or otherwise a representative of Bodybuilding.com on May 2, 2007." Bodybuilding.com produced no documents.

Dissatisfied with Bodybuilding.com's discovery responses, Plaintiffs complied with this Court's stated procedure for handling discovery disputes by attempting to mediate the dispute with Court staff. On August 31, 2010, Plaintiffs and Bodybuilding.com participated in an informal discovery conference. During this conference Plaintiffs explained why they believed the discovery requests were relevant to the theory of their case. Upon hearing Plaintiffs' explanation, Bodybuilding.com took the position that Plaintiffs proposed a new theory. Bodybuilding.com suggested that Plaintiffs amend their complaint to clarify the theory of their case, and Bodybuilding.com would immediately move to dismiss the amended complaint. It was

MEMORANDUM DECISION AND ORDER - 3

further suggested that if the amendment survived, the parties could revisit the issue of the proper scope of discovery.

A second conference was held on September 3, 2010 to obtain Gaspari's input. Gaspari, which had a summary judgment motion pending, would not agree to allow Bodybuilding.com to amend the complaint. Plaintiffs therefore filed a motion for leave to amend, and the Court set an expedited briefing schedule on the motion to amend. The Court also directed Plaintiffs and Bodybuilding.com to submit briefing on the issue of whether Plaintiffs were entitled to discover the identities of Bodybuilding.com's forum moderators, including INGENIUM.

On November 29, 2010, the Court issued a Memorandum Decision and Order granting Plaintiffs leave to amend and compelling Bodybuilding.com to disclose INGENIUM's identity. Plaintiffs filed their Third Amended Complaint on December 5, 2010. However, rather than disclose INGENIUM's identity as ordered by the Court, Bodybuilding.com filed a motion to reconsider. *See* Dkt. 231. Simultaneously, Bodybuilding.com also filed a motion to strike the Third Amended Complaint. *See* Dkt. 232. Plaintiffs timely filed oppositions to both motions on January 14, 2011. Shortly after Plaintiffs filed their opposition briefs, Bodybuilding.com asked Plaintiffs for an extension of time to file it reply briefs because lead counsel was experiencing some medical issues and Bodybuilding.com's general counsel was also out for several weeks on emergency leave. Plaintiffs consented to the requested extension. A week later, Bodybuilding.com asked Plaintiffs' counsel for another week extension. Plaintiffs consented to an extension until February 21, 2011.

On February 21, 2011, Bodybuilding.com filed its reply to the motion to reconsider and withdrew its motion to strike the Third Amended Complaint. Four days later, on February 25,

2011, both Bodybuilding.com and Gaspari filed motions for summary judgment in compliance with the dispositive motion deadline set forth in the Case Management Order.

Plaintiffs never sought to amend the scheduling order prior to the expiration of the January 7, 2011 discovery cut-off or the February 25, 2011 dispositive motion deadline. Now Plaintiffs ask that (1) discovery be reopened for an additional six weeks and (2) Bodybuilding.com be compelled to respond to Plaintiffs' written discovery.

## ANALYSIS

The deadline for completing discovery set forth in the Case Management Order has passed. Plaintiffs therefore must show good cause to justify reopening discovery. Fed.R.Civ.P. 16(b). "Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted.*" Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted).

Here, Plaintiffs have not shown the requisite diligence to justify a blanket reopening of discovery for six additional weeks. First, Plaintiffs offer no reason that would excuse their failure to pursue additional discovery against Gaspari prior to the discovery cut-off. The Court granted Plaintiffs' Rule 56(f) motion so Plaintiffs would have an opportunity to conduct more discovery. Yet, it appears Plaintiffs have not communicated with Gaspari about discovery since

the granting of the Rule 56(f) motion.  Plaintiffs did not propound additional interrogatories or request for production; nor did they contact Gaspari about scheduling depositions.  And while admittedly Plaintiffs had little time between the filing of their Third Amended Complaint on December 5, 2010 and the January 7, 2011 discovery deadline, Plaintiffs could have contacted Gaspari about supplementing its written discovery responses or noticing depositions.  Plaintiffs even had time to propound another set of written discovery.  At the very least, Plaintiffs could have asked the Court to extend the discovery deadline *before* it expired.  Instead, Plaintiffs did nothing.  As Gaspari correctly notes,  "[a] party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction."  *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992).

The situation with Bodybuilding.com, however, is less clear cut.  Plaintiffs propounded requests for production of documents on Bodybuilding.com in July 2010, and Bodybuilding.com responded by asserting blanket objections.  It also "affirmatively state[d]" that "by virtue of the Court's April 26, 2010 Order, the sole remaining claim against Bodybuilding.com arises from a single, allegedly defamatory statement, posted on Bodybuilding.com's website on May 2, 2007, by an anonymous/pseudonymous poster known as "INGENIUM" ....[and] "INGENIUM" was not an employee, moderator, or otherwise a representative of Bodybuilding.com on May 2, 2007."  This response, however, disregards the role of discovery in the federal process and the dictates of Rule 26, which provides for broad pretrial discovery.  *See, e.g., First Nat. Bank of Ariz. v. Cities Service Co.,* 391 U.S. 253, 265 (U.S. 1968).   While Bodybuilding.com chides Plaintiffs for not filing a formal motion to compel, it is equally true that Bodybuilding.com had an obligation either to produce responsive documents in the face of a document request, or file a

motion for protective order to limit discovery to certain issues, *see* Rule 26(c)(1)(D). Given the broad discovery allowed under Rule 26(b), the Court finds it implausible that Bodybuilding.com did not possess one responsive document.

Moreover, Bodybuilding.com had a continuing duty to supplement its discovery responses. Fed.R.Civ.P. 26(e). But Bodybuilding.com did not supplement its discovery responses even after the Court allowed Plaintiffs leave to amend their Complaint . Rather, Bodybuilding.com opted to exercise its right to file a motion to reconsider and a motion to strike the amended complaint, which did not become ripe until after the discovery cut-off and only days before the dispositive motion deadline. With these motions pending, Plaintiffs' failure to propound additional written discovery or notice depositions does not necessarily display a lack of diligence. Plaintiffs could have reasonably believed that actively pursuing additional discovery against Bodybuilding.com would have been futile. But, on the other hand, it does not explain Plaintiffs' failure to seek an extension of the discovery cut-off before it expired. Plaintiffs should have known the deadline for completing discovery was approaching and should have done something before it passed.

Taking into account these factors, the Court concludes that Bodybuilding.com should be compelled to respond to any discovery requests already propounded. Bodybuilding.com must respond to those requests, keeping in mind both the broad discovery allowed under Rule 26(b) and the Court's decision granting Plaintiffs leave to amend their Complaint. However, some of Plaintiffs' request seem overbroad. For example, none of the requests refer to a specific timeframe when they should. And others refer to employees and "all" moderators when this only case involves statements made by INGENIUM; therefore, such requests referring to all

**MEMORANDUM DECISION AND ORDER - 7**

employees or moderators should be limited to INGENIUM.  Plaintiffs and Bodybuilding.com should meet and confer to work out these details.[1]  In addition, to the extent Plaintiffs seek confidential information, Plaintiffs and Bodybuilding.com should attempt to enter into an appropriate protective order.  If the parties meet and confer and cannot reach an agreement, Plaintiffs shall file a motion to compel stating why the documents should be produced and Bodybuilding.com shall file a response brief within the time frame set forth below.

Plaintiffs, however, will not be allowed to propound any additional written discovery and they will only be allowed to depose one Bodybuilding.com fact witness.  Discovery will be only be reopened on this very limited basis for an additional three weeks.

## ORDER

**IT IS HEREBY ORDERED that** Cornelius and SI03, Inc.'s Motion to Compel and to Reopen Discovery (Dkt.  248) is GRANTED IN PART AND DENIED IN PART.

The following deadlines will therefore govern this litigation:

1. <u>Gaspari Nutrition, Inc.'s Motion for Summary Judgment</u>.  Plaintiffs' response to Gaspari's motion for summary judgment shall be filed on or before *April 1, 2011*.  Replies will be due on or before *April 15, 2011*.

2. <u>Bodybuilding.com LLC's Motion for Summary Judgment</u>. Plaintiffs' response to Bodybulding.com's motion for summary judgment shall be filed on or before *April 21, 2011*.  Replies will be due on or before *May 4, 2011*.

3. <u>Motion Hearing</u>: The Hearing on Motions regarding Bodybuilding.com's  Motion for

---

[1] The Court does not intend to suggest that Bodybuilding.com is precluded from making good faith objections other than those noted by the Court in this decision.

**MEMORANDUM DECISION AND ORDER - 8**

Summary Judgment (Dkt. 242), and Gaspari's Motion for Summary Judgment (Dkt. 243) shall remain on *May 6, 2011*, at 10:00 a.m. in Boise - Courtroom 3 before Judge B. Lynn Winmill.

4. <u>Discovery Plan</u>: Discovery shall proceed as follows

   a. No further discovery will be allowed relating to the claims against Gaspari.

   b. Bodybuilding.com shall supplement their responses to Plaintiffs' written discovery in accordance with this decision on or before *April 5, 2011*.

   c. Any discovery motions shall be filed on or before *April 7, 2011*. Any response shall be due on or before *April 11, 2011.*

   d. Plaintiffs shall be allowed one fact deposition of Bodybuilding.com, which shall be completed by *April 15, 2011*.

5. <u>Completion of Discovery</u>. All discovery with respect to the claims against Bodybuilding.com will be completed by *April 15, 2011.*

6. All other deadlines and procedures set forth in the Case Management Order (Dkt. 157) shall remain in effect.

*If any issues arise with respect to this schedule, Plaintiffs must notify the Court immediately.*

DATED: **March 25, 2011**

_____
B. LYNN WINMILL
Chief Judge U.S. District Court

**MEMORANDUM DECISION AND ORDER - 9**