TERRI R. PICKENS (ISB No. 5828)
PICKENS LAW, P.A.
398 South 9th, Suite 240
P.O. Box 915
Boise, Idaho 83701
Phone: (208) 954-5090
Fax: (208) 954-5099
terri@pickeslawboise.com

MATTHEW A. ROSENBERG, *Pro Hac Vice*
LAW OFFICES OF MATTHEW ROSENBERG, LLC
36 Four Seasons Ctr., #116
St. Louis, MO 63017
Phone: (314) 256-9699
Fax: (314) 786-0532
matt@lomr-law.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

* * * * * *

| | |
|---|---|
| DEREK W. CORNELIUS and SI03, INC., | |
| Plaintiffs, | Civil Case  No. 10-27-S-BLW |
| v. | **DEFENDANTS' OBJECTIONS TO BODYBUILDING.COM'S BILL OF COSTS** |
| BODYBUILDING.COM, L.L.C., et al. | |
| Defendants. | |

COME NOW plaintiffs SI03, Inc. ("SI03") and Derek Cornelius, by and through counsel, and pursuant to Loc. Civ. Rule 54.1(a), hereby files the following objections to the Bill of Costs submitted by Bodybuilding.com, L.L.C. ("Bodybuilding.com"):

### 1. *Pro Hac Vice* Fees

Bodybuilding.com submitted as costs the *pro hac vice* fees of four separate attorneys under the heading "Clerks and Service Fees."  Plaintiffs object to these costs on two grounds – *pro hac*

*vice* fees are not taxable costs; and the *pro hac vice* admission of four separate attorneys was not reasonably necessary.

Although plaintiffs are not aware of case in which this District has expressly addressed the issue, the majority view of other districts is that *pro hac vice* fees are not taxable costs. The Western District of Kentucky has provided a thorough comparison of the law on this issue from a variety of other districts. *Halliburton Co. v. Ward*, 2007 WL 2702214 at *2 (W. D. Ky., September 12, 2007)(although the *Halliburton* decision is itself unpublished, Judge Coffman, in her opinion provides a compendium of published cases from around the country).

"Other district courts have adopted varied responses to this issue: some, like the district court in *Aerotech Resources* [*v. Dodson Aviation, Inc*., 237 F.R.D. 659 (D.Kan.2005)], have found that pro-hac-vice fees are recoverable as costs under 28 U.S.C. § 1920, but others have found that '[t]he pro hac vice fee is an expense of counsel, not the client, and is thus not recoverable.' *Schmitz-Werke GMBH Co. v. Rockland Indus., Inc*., 271 F.Supp.2d 734, 735 (D.Md.2003) (citing, *inter alia*, *Eagle Ins. Co. v. Johnson*, 982 F.Supp. 1456, 1459-60 (M.D.Ala.1997), and *Romero v.. United States*, 865 F.Supp. 585, 594 (E.D.Mo.1994)). After reviewing the relevant cases from other jurisdictions, this court finds the reasoning of the district court for the Middle District of Alabama in *Eagle Insurance* particularly persuasive.* The District of Kansas is apparently the only district court to find that pro-hac-vice fees are recoverable, whereas every other district court addressing the issue has found that they are not. Compare, *e.g*., *Aerotech Res.*, 237 F.R.D. at 663 (holding that pro-hac-vice fees are recoverable in the District of Kansas), and *Davis v. Puritan-Bennett Corp*., 923 F.Supp. 179, 181 (D.Kan.1996) (same), with, *e.g*., *Rockland Indus.* (pro-hac-vice fees are not recoverable), and *Romero*, 865 F.Supp. at 594 (same). Therefore, adopting the reasoning set forth in *Eagle Insurance* and elsewhere, this court finds that its 'pro-hac-vice fee ... is not taxable as costs.' *Eagle Insurance*, 982 F.Supp. at 1459-60." *Halliburton* at *2 (asterisk is to footnote 2 of the opinion quoted, *infra*).

"In *Eagle Insurance*, the district court noted that only subsection (1) of § 1920, which 'provides for the taxation of the 'Fees of the clerk' as costs[,]' could support an award of pro-hac-vice fees as costs. 982 F.Supp. at 1458. The court then reviewed 28 U.S.C. § 1914, which specifies the fees the clerk may charge. Section 1914(a) requires '[t]he clerk of each district court' to impose 'a filing fee of $350' upon the party or parties 'instituting any civil action, suit or proceeding ..., except that on application for a writ of habeas corpus the filing fee shall be $5.' Section 1914(b) provides that '[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.' Finally, section 1914(c) provides that '[e]ach district court by rule or standing order may require advance payment of fees.' Reading the two statutes together, the court in Eagle Insurance found that '§ 1920 and § 1914 authorize the

clerk of the court to collect and tax two types of fees in civil actions other than those for habeas corpus: (1) a $150 filing fee; and (2) any additional fees prescribed by the Judicial Conference of the United States.' 982 F.Supp. at 1459. Because the pro-hac-vice fee is not the same as the filing fee authorized by § 1914, and because pro-hac-vice fees 'are a creature of the courts [,]' which are not authorized by any statute and are not included in the schedule of fees authorized by the Judicial Conference, the court in *Eagle Insurance* concluded that pro-hac-vice fees are not recoverable as costs. Id. at 1460 n. 2, 1459-60." Id. at footnote 2.

Furthermore, even if *pro hac vice* fees were, *arguendo*, generally taxable, the *pro hac vice* fee were not reasonably necessary. Bodybuilding.com, despite having its principal place of business right in this District, chose of its own volition to hire counsel from outside the District – not once but twice. Bodybuilding.com first hired M. Kelly Tillery from Pennsylvania to represent it in this matter. Then later, an associate of Mr. Tillery, Christopher Olszyk also moved for *pro hac vice* admission, despite already having Mr. Tillery admitted in the matter as lead counsel. When Bodybuilding.com ended its relationship (through no fault of plaintiffs) with Mr. Tillery's and Mr. Olszyk's firm, it again chose to go outside the District to find replacement counsel in Michael Weber of Florida (who happened to be a former professional acquaintance of Bodybuilding.com's new in-house general counsel, Erica Stump). When Mr. Weber withdrew (again, through no fault of plaintiffs), Ms. Stump moved for *pro hac vice* admission, despite residing within the District and working full-time within the District. Therefore, plaintiffs should not be taxed for *pro hac vice* fees that Bodybuilding.com voluntarily and unnecessarily undertook. Plaintiffs, therefore, object to these costs.

### 2. Deposition Costs

Bodybuiling.com lists costs from two depositions – a 30(b)(6) deposition of plaintiff SI03, and a deposition of Bodybbuilding.com employee, Richard Barnet. Plaintiffs object to both costs on two separate grounds.

### a.  30(b)(6) Deposition

The first deposition cost submitted is purportedly for the 30(b)(6) deposition of SI03. However, the cost is not properly documented.  Bodybuilding.com submits an invoice, not from a court reporter, but rather from Bodybuilding.com's attorney at the time of the deposition to Bodybuilding.com.  The invoice states "Deposition Transcripts - $503.20" as a line item of several enumerated expenses on what appears to be the client's regular monthly invoice.  No further detail is provided, such as the name of the case, the name of the deponent, the date of the deposition, and most importantly, exactly what was purchased.  Even if it is assumed that this was for the 30(b)(6) deposition, it is impossible to ascertain how many copies were obtained and whether other non-taxable charges were included, such as room rental or expediting fees.

An amount of $503.20 would certainly be suspect, because the 30(b)(6) deposition was approximately one-half as long as the Barnet deposition which cost only $289.70.  In fact, plaintiffs' cost to obtain a paper copy and an electronic copy of the supposedly same 30(b)(6) deposition was $198.10.  In the absence of more detail, it is most likely that the amount shown includes predominantly non-taxable costs.  Plaintiffs, therefore, object to this cost.

### b.  Barnet Deposition

The second deposition cost is for Richard Barnet.  Despite Bodybuilding.com's counsel's statement regarding the necessity of all of the costs, plaintiffs question the necessity of obtaining a transcript of this deposition.  Not only was the Barnet deposition never submitted at any trial or hearing, but Bodybuilding.com never even submitted excerpts in any motion briefs (they did, however, cite portions in a reply brief, that were already cited in plaintiffs' brief, after plaintiffs included nearly a third of the entire deposition as an exhibit [DE 259, Exhibit 1]).  Nor could

Bodybuilding.com have needed a copy of the deposition to prepare Barnet (or anyone else for that matter) as a witness, because no evidentiary hearings were scheduled following this deposition.

"[R]estrictions apply to certain costs that are recoverable under § 1920." *Alexander Mfg., Inc. Employee Stock Ownership and Trust v. Illinois Union Ins. Co.*, 688 F.Supp.2d 1170, 1177 (D. Or. 2010). "For example, § 1920 allows recovery of costs for photocopies and transcripts only if those costs were 'necessarily obtained.'" *Id*. (quoting 28 U.S.C. § 1920(2), (4)). "Thus, costs related to depositions that 'were merely useful for discovery' are not taxable." *Id*. (quoting *Independent Iron Works, Inc. v. United States Steel Corp*., 322 F.2d 656, 678 (9th Cir.1963)). "Similarly, a party cannot recover costs for copies prepared for the convenience of the attorneys." *Id*. At best, any copy of the Barnet deposition obtained by Bodybuilding.com was a convenience for the attorneys and not "necessarily obtained" for the litigation. Plaintiffs, therefore, object to this cost.

**LAW OFFICES OF MATTHEW ROSENBERG, LLC**


DATED: September 20, 2011. By:     /s/ Matthew A. Rosenberg
                                   Matthew A. Rosenberg (admitted *pro hac vice*)
                                   (matt@lomr-law.com)
                                   36 Four Seasons Ctr., #116
                                   St. Louis, MO 63017
                                   Phone: (314) 256-9699
                                   Fax: (314) 786-0532

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a true and correct copy of the foregoing on the individuals listed below through electronic notification to those parties registered with the U.S. Court's CM/ECF System on the 20th day of September, 2011.

Amber Nicole Dina     amberdina@givenspursley.com

Debora K Kristensen     dkk@givenspursley.com

Terri Rae Pickens     terri@pickenslawboise.com

Joseph R. Swift     jswift@bjpc.com

Eugene A Ritti     eritti@hawleytroxell.com

  /s/ Matthew A. Rosenberg_____

Matthew A. Rosenberg